UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALLEN BUSH, JR., | ) Case No. ED CV 10-1980-PJW |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION AND ORDER |
| v. | ) |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

Before the Court is a relatively simple and straightforward case. As such, the Court will dispense with the usual verbiage of its Social Security opinions and cut right to the chase. Plaintiff testified that his back pain required him to lie down and take naps two to three times a day for hours at a time. (Administrative Record ("AR") 39-40 43, 46-47.) Naturally, this precludes him from holding down a job. (AR 54-55.) The Administrative Law Judge ("ALJ") rejected Plaintiff's testimony with standard, boilerplate language:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity,

persistence and limiting effects of these symptoms are credible only to the extent that they are consistent with the above residual functional capacity assessment.

(AR 13.)

ALJs are precluded from rejecting a claimant's testimony based on generalized findings. *See Vazquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009) (holding ALJ's finding that applicant's claims were not credible because they were "not consistent with the objective medical evidence" was not specific enough to withstand scrutiny); *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."). As such, the ALJ's reliance on boilerplate language to discount Plaintiff's testimony constitutes error.

The Agency disagrees. It contends that the ALJ was only required to provide a specific reason for rejecting the claimant's testimony and, so long as there is substantial evidence supporting that reason, as it argues there is here, the Court must affirm the ALJ's decision. (Joint Stip. at 8-9.) It cites Social Security Ruling ("SSR") 96-7p in support of this position. (Joint Stip. at 9.)

The Court rejects this argument for several reasons. To begin with, the Agency has mischaracterized SSR 96-7p. Though that ruling talks about the necessity of setting forth specific reasons for discounting a claimant's claims of pain, it also makes clear that an ALJ may not disregard them solely because "they are not substantiated by objective medical evidence." SSR 96-7p. Second, Social Security Rulings are not binding on the courts, they are binding on the Agency. *See Bray v. Comm'r of Soc. Security*, 554 F.3d 1219, 1224 (9th Cir.

2009) (explaining that social security rulings are binding on Agency but do not carry the "'force of law'"). The controlling law in this circuit is established by case law. The controlling standard in this circuit is "specific, clear, and convincing reasons." *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). The Agency's argument that "specific" is enough is rejected out of hand. Finally, even if SSR 96-7p was controlling and even if it could be interpreted to mean that an ALJ need only set forth specific reasons for rejecting Plaintiff's testimony, she failed to do so here. She set forth a general reason for rejecting his testimony, i.e., it was inconsistent with the ALJ's residual functional capacity assessment. (AR 13.) Thus, even under the Agency's own relaxed standard, the credibility finding does not pass muster. In the end, the Court concludes that the ALJ's credibility finding is defective because it is general, not specific, unclear, instead of clear, and wholly unconvincing.

    The issue that remains is whether Plaintiff's testimony should be credited as true and the case remanded to the Agency for award of benefits. *See, e.g., Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007). The Court finds that that result is warranted here. The ALJ found that Plaintiff's back disorder "could reasonably be expected to cause the alleged symptoms." (AR 11, 13.) The vocational expert testified that Plaintiff could not work if he had to lie down and take naps during the day. (AR 54-55.) Thus, the combination of Plaintiff's testimony and the expert's testimony establishes that Plaintiff is disabled and entitled to benefits. There is nothing more for the ALJ to do except to calculate the amount and award benefits.

 For these reasons, the ALJ's decision is reversed and the case is remanded to the Agency for an award of benefits.

 IT IS SO ORDERED.

 DATED: November 28, 2011.

 _____
 PATRICK J. WALSH
 UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\BUSH, 1980\memorandum opinion and order.wpd